# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| ADAM DANSBY-FRAZIER, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | No. 3:18-CV-00056 |
| v. | ) | REEVES/GUYTON |
| | ) | |
| SHAWN PHILLIPS, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner of the Tennessee Department of Correction, filed a pro se complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 that is proceeding as to Plaintiff's claim that Defendant Phillips violated his constitutional rights with regard to Plaintiff's four-year placement on maximum security/administrative segregation [Doc. 8 p. 2–3]. Now before the Court is Defendant Phillips's motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 15]. Plaintiff did not file a response to this motion, and the time for doing so has passed. E.D. Tenn. LR 7.1(a)(2). As such, Plaintiff waived any opposition to this dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978). For the following reasons, Defendant Phillips's motion to dismiss [*Id.*] will be **GRANTED** to the extent that this action will be **DISMISSED without prejudice**.

I.     **STANDARD OF REVIEW**

Rule 12(b)(6) allows a court to eliminate a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "In order to survive a 12(b)(6) motion, the plaintiff's complaint must allege facts which, if proved, would entitle plaintiff to

relief." *Southeast Texas Inns, Inc. v. Prime Hosp. Corp.*, 462 F.3d 666, 671 (6th Cir. 2006). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the complaint in the light most favorable to the plaintiff and accept all of the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990).

Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. BACKGROUND

Plaintiff filed this lawsuit as an inmate at the Morgan County Correctional Complex ("MCCX") [Doc. 1 p. 2]. Defendant Phillips is the Warden of MCCX [*Id.* at 4].

In his original complaint, Plaintiff alleged that he had been in administrative segregation since April 23, 2014, without any incidents and that this placement was a significant and atypical hardship that prevented him from completing programs, from being eligible for parole, and from accruing behavior and program credits [Doc. 6 p. 3 (Court order summarizing Plaintiff's original complaint)]. Plaintiff also alleged that Defendant Phillips made a racial statement regarding Plaintiff's placement, that Defendant Heidle falsified paperwork regarding Plaintiff's grievance challenging Defendant Phillips's racial statement, and that Defendant Hutchinson had a conflict of interest and therefore should not have been allowed to investigate Plaintiff's grievance [*Id.*]. Based on these allegations, Plaintiff requested video footage to show that he did not receive an interview regarding his Title VI grievance on December 22, 2017, transfer to another facility, and release from administrative segregation [Doc. 1 p. 5]. Plaintiff subsequently filed an amendment of this complaint in which he corrected the spelling of two Defendants' names [Doc 4 p. 1].

On September 20, 2018, the Court entered an order screening Plaintiff's original complaint, finding that the complaint failed to state a claim for violation of the Equal Protection Clause, failed

to state a claim arising out of the alleged lack of an effective grievance procedure, and did not allow the Court to plausibly infer that Plaintiff's placement in administrative segregation had violated his right to due process, and therefore allowing Plaintiff to file an amended complaint that would replace his original complaint [Doc. 6]. Plaintiff complied with this order [Doc. 7].

In his amended complaint, Plaintiff alleges that on April 23, 2014, he was placed in maximum security/administrative segregation and that he was held there until April 2018 "to ensure that [his] behavior had modified for security purposes," even though he had not been charged with any disciplinary infraction, and that he did not receive a hearing regarding this placement in violation of his right to due process [*Id.* at 3]. Plaintiff further alleges that Defendant Phillips made a comment about "not letting [Plaintiff's] black *ss" out of this placement, which shows malicious intent [*Id.*]. Plaintiff does not set forth a demand for relief in his amended complaint, but states that this placement was "anything but normal conditions of prison life," denied him a liberty interest, and violated his due process rights in a manner that "made [his] sentence duration longer" [*Id.*]. On June 12, 2019, the Court entered an order screening the amended complaint, dismissing Defendants Heidle and Hutchinson, and allowing Plaintiff's claims against Defendant Phillips regarding his placement in administrative segregation/maximum security to proceed [Doc. 8].

Defendant Phillips has now filed a motion to dismiss Plaintiff's amended complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as a memorandum in support thereof, in which he asserts that Plaintiff's amended complaint fails to state a claim upon which relief may be granted under § 1983 because it does not include a demand for relief and that, even if the Court incorporates Plaintiff's demand for relief from his first complaint into his second complaint, those demands are now moot [Docs. 15 and 16]. Defendant

3

Phillips also asserts that Plaintiff's amended complaint fails to state a claim for violation of his equal protection rights, as he has not alleged that Defendant Phillips treated non-black inmates similarly situated to Plaintiff differently with regard to hearings about administrative segregation/maximum security placement [*Id.*].

**III. ANALYSIS**

As set forth above, Plaintiff's amended complaint does not set forth a demand for relief. As such, it fails to comply with Rule 8(a)(3) of the Federal Rules of Civil Procedure, which specifically provides that a complaint must contain "demand for the relief sought" in order to state a claim for relief. Further, even if the Court assumes that Plaintiff's failure to include a demand for relief in his amended complaint was an oversight and therefore incorporates Plaintiff's demands for relief from his original complaint, those demands are now moot.

Specifically, Plaintiff's demand for video footage to show that he did not receive an interview regarding his Title VI grievance on December 22, 2017, is moot based upon the Court's dismissal of his grievance procedure claim and of Defendant Heidle. Further, the record establishes that Plaintiff is no longer housed in administrative segregation/maximum security [Doc. 7 p. 3] or in MCCX [Doc. 13]. Accordingly, Plaintiff's requests for release from administrative segregation and for transfer to another facility are moot. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (holding that past exposure to illegal conduct does not entitle a plaintiff to injunctive relief) (citing *O'Shea v. Littleton*, 414 U.S. 488 (1974)); *see also Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) and *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (both holding that claims for injunctive and/or declaratory relief against prison officials are moot when inmate is no longer incarcerated at that facility).

Thus, even if a finder of fact found that Plaintiff was entitled to relief, it could not grant Plaintiff any relief based on his pleadings in this action, which Plaintiff has not sought to amend despite the motion to dismiss.

## IV. CONCLUSION

Accordingly, for the reasons set forth herein, Defendant Phillips's motion to dismiss [Doc. 15] will be **GRANTED** to the extent that this action will be **DISMISSED without prejudice** to Plaintiff seeking leave to amend his complaint to include a demand for relief that is not moot. Further, as the record establishes that Plaintiff's amended complaint fails to state a claim upon which relief may be granted under § 1983, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**